Filed 2/23/26 P. v. Cingcon CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID RICHARD CINGCON,<br><br>Defendant and Appellant. | C102822<br><br>(Super. Ct. Nos. STK-CR-FE-1985-0000134, SC036781A, STK-CR-FE-1995-0006201, SC058416A) |

Defendant David Richard Cingcon appeals from the trial court's denial of his petitions for resentencing in two cases under Penal Code section 1170.126.[1] Appointed counsel asked this court to review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), and defendant filed a supplemental brief. Consistent with *Delgadillo*, we will limit our review to defendant's supplemental contentions. Having considered defendant's supplemental brief, we will affirm the trial court's orders denying defendant's resentencing petitions.

---

[1] Undesignated statutory references are to the Penal Code.

1

BACKGROUND

In 1985, in case No. STK-CR-FE-1985-0000134, formerly case No. SC036781A (case No. 134), defendant pleaded no contest to assault with a deadly weapon. (Former § 245, subd. (a).) The trial court suspended imposition of sentence and placed defendant on probation for five years with a condition that he serve 365 days in jail. Then, during the year 1995, in case number STK-CR-FE-1995-0006201, formerly case No. SC058416A (case No. 201), defendant pleaded guilty to two counts of first degree residential burglary. (§ 459.) The trial court sentenced defendant to four years in state prison. Later, in 2016 and as part of case No. 15F00349, a jury found defendant guilty of attempted murder, assault with a firearm, and unlawful possession of a firearm by a felon. The trial court sentenced defendant to an aggregate 69 years to life in prison. (*People v. Cingcon* (July 18, 2017, C083020) [nonpub. opn.]; *People v. Cingcon* (Oct. 13, 2023, C098296) [nonpub. opn.].) That indeterminate judgment is not the subject of this appeal.

In 2024, defendant filed petitions for resentencing under section 1170.126 in case Nos. 134 and 201. The trial court denied both petitions, concluding that defendant was not eligible for resentencing under section 1170.126 because he was not serving an indeterminate term of imprisonment in case Nos. 134 and 201.

DISCUSSION

Appointed counsel asked this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436; *Delgadillo, supra*, 14 Cal.5th at p. 226.) Defendant was advised by counsel and this court of his right to file a supplemental brief within 30 days from the date the opening brief was filed, and defendant filed a supplemental brief. We will consider the specific contentions asserted in the supplemental brief, but we have not independently reviewed the record. (*Delgadillo, supra*, 14 Cal.5th at pp. 228-232.)

Defendant contends he meets the eligibility requirements for section 1170.126. Section 1170.126, subdivision (a) states that it applies "exclusively to persons presently

serving an indeterminate term of imprisonment." Although defendant is currently serving an indeterminate term, that term was imposed in a different case, not the cases for which defendant filed his instant petitions for resentencing. In case No. 134, the trial court placed defendant on probation for five years with a condition of 365 days in jail. And in case No. 201, the trial court sentenced defendant to four years in prison. Neither of the sentences subject to this appeal are indeterminate. Defendant is not eligible for resentencing in case Nos. 134 or 201 under section 1170.126.

Defendant further contends he was charged more harshly than other races. But defendant only cites section 1170.126, he does not mention the Racial Justice Act or section 745, he does not assert his contention under a separate heading in his supplemental brief, and he does not provide sufficient argument or authority to support the contention. Under the circumstances, even if his contention is not forfeited, he has failed to make the required prima facie showing. (See § 745, subds. (c), (h)(2) [a defendant is required to allege facts establishing that discrimination somehow tainted their case].)

## DISPOSITION

The trial court's orders denying defendant's resentencing petitions are affirmed.

                              /S/
                         MAURO, Acting P. J.

We concur:

   /S/
KRAUSE, J.

   /S/
FEINBERG, J.

3